UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KELLY CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| HAMILTON COUNTY GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is the governing body of Hamilton County, Tennessee, which is a political subdivision of the State of Tennessee.

3. Defendant operates the Hamilton County Health Department, which is located at 921 East Third Street, Chattanooga, TN 37403.

4. Plaintiff was employed by Defendant at the Hamilton County Health Department from approximately June 12, 2019 through August 7, 2020.

5. Plaintiff was employed by Defendant as a deputy register in the vital records department, where she performed such duties as reviewing and/or completing birth certificates, death certificates, cremation applications, and voluntary acknowledgements of paternity; answering the phone; and cleaning and ordering supplies.

6. Defendant agreed to pay Plaintiff an hourly rate for her work.

7. While employed by Defendant, Plaintiff routinely performed work for which she was not compensated, including overtime hours of more than 40 in a workweek for which she received no compensation and no compensatory time off.

8. More specifically, Plaintiff performed uncompensated work "off the clock" before and after her scheduled work hours; Defendant inaccurately recorded Plaintiff's work time by excluding compensable work hours, and failed to compensate Plaintiff for that work; Defendant deleted recorded work time from Plaintiff's time records, and failed to compensate Plaintiff for that work; and Defendant failed to pay Plaintiff for all of Plaintiff's recorded work time.

9. Plaintiff's direct supervisor was well aware that Plaintiff performed uncompensated work, and actually participated in inaccurately recording Plaintiff's work time and deleting time from Plaintiff's time records.

### Count 1—Violations of Fair Labor Standards Act

10. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-9 above.

11. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

12. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceeded $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

15. Pursuant to Sections 207(a)(1) and 207(o) of the FLSA, Defendant was required

to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek; or to provide Plaintiff with compensatory time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required.

16. Defendant's failure to pay Plaintiff overtime wages or compensatory time off is a violation of Sections 207(a)(1) and 207 (o) of the FLSA.

17. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

18. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

19. Plaintiff is entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 216(b), as a result of Defendant's overtime violations.

## Count 2—Breach of Contract Under Tennessee State Law

20. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-19 above.

21. Defendant's agreement to pay Plaintiff a regular hourly rate for her work is an enforceable contract under Tennessee law.

22. By failing to compensate Plaintiff for all hours worked at her agreed-upon hourly rate, Defendant breached its contract with Plaintiff.

23. As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation she failed to receive for her work at her agreed-upon hourly rate for regular, non-overtime hours up to 40 per workweek.

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) regular, "straight-time" wages;

(c) interest;

(d) reasonable attorney's fees;

(e) the costs and expenses of this action; and

(f) all further general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff